# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2425 | **DATE** | 4/18/13 |
| **CASE TITLE** | U.S. ex rel. William Evans (#B-08677) v. Keith Anglin | | |

**DOCKET ENTRY TEXT:**

Petitioner has responded adequately to the Court's April 3, 2013, order to show cause as to why this case should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. Petitioner's motion for attorney assistance [#4] is denied as premature.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

William Evans, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010, Cook County, Illinois, conviction (07 CR 0596201) for armed habitual criminal acts and aggravated battery on the grounds that the police destroyed exculpatory evidence used to procure the indictment that led to his conviction.

On April 3, 2013, the Court ordered Petitioner to show cause as to why this case should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Petitioner has responded, representing to the Court that he completed one full round of state court review, prior to filing suit. As Petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition and appears to have filed this action in a timely manner, he may proceed. Accordingly, Respondent is ordered to answer the petition or otherwise plead within thirty days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any Court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

**(CONTINUED)**

## STATEMENT (continued)

Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.