IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | No. 13 C 2425 |
| KEITH ANGLIN ) | |
| ) | |
| Respondent. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On May 10, 2010, petitioner William Evans ("Evans") pleaded guilty in the Circuit Court of Cook County to being an armed habitual criminal. He was sentenced to six years imprisonment. On April 1, 2013, Evans filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 1.) The State of Illinois ("State"), on behalf of respondent Warden Keith Anglin, filed an answer to Evans's petition on June 17, 2013. (Dkt. No. 12.) On August 19, 2013, Evans filed a motion to amend his habeas petition to add two additional claims for relief. (Dkt. No. 18.) Evans also filed a reply to the State's answer on the same date. (Dkt. No. 20.) The court requested that the State file a brief in response to Evans's motion to amend by October 11, 2013, and allowed Evans until November 1, 2013 to file a reply. (Dkt. No. 21.) Evans did not file a reply. Instead, Evans filed an emergency motion requesting the court to stay his habeas proceeding or dismiss it without prejudice because he discovered that he had not, in fact, exhausted his administrative remedies. (Dkt. No. 23 at 1.) On February 6, 2014, however, Evans filed another emergency motion requesting the court to rule on the "exhaustion/default issue." (Dkt. No. 25 at 1.) The court thus considers Evans's § 2254 petition ripe for ruling. For the

reasons explained below, Evans's motion to amend his § 2254 petition (Dkt. No. 18) is granted. The court has considered Evans's amended petition for a writ of habeas corpus ("Amended Petition") (Dkt. No. 19 ("Am. Pet.")). It is denied.

## BACKGROUND

The following factual summary was set forth by the Appellate Court of Illinois for the First Judicial Circuit ("Illinois Appellate Court") in Evans's direct appeal[1]:

> The record shows that [Evans] was charged with 10 offenses, including, *inter alia*, armed habitual criminal for possession of a firearm on February 26, 2007, after having been convicted of manufacture/delivery of a controlled substance and unlawful use of a weapon by a felon in two separate cases. While these charges were pending, [Evans] filed numerous *pro se* motions, including motions to proceed *pro se*, or, in the alternative, appointment of new counsel.
>
> [Evans] was allowed to proceed *pro se* in January 2008, and when counsel was reappointed to represent him in February 2008, [Evans] adamantly opposed the reappointment, and continued to file *pro se* motions in the trial court, including motions to proceed *pro se*.
>
> In July 2009, following a behavioral clinical examination, [Evans] was again allowed to represent himself, but counsel was later reappointed on October 8, 2009. [Evans] subsequently filed a request in this court to file a late notice of appeal from the reappointment order which this court denied. *People* v. *Evans*, No. l-09-3480 (2010) (dispositional order). [Evans] then continued to file *pro se* motions in the trial court, including motions to compel disclosure of allegedly exculpatory evidence or dismissal and for substitution of judge, which were all denied.
>
> When the plea proceeding commenced on May 10, 2010, [Evans] again indicated that he wanted to proceed *pro se*. The matter was passed, and when it was recalled, [Evans] indicated that he was being represented by counsel. He subsequently entered a negotiated plea of guilty to armed habitual criminal after the court admonished him in accordance with [Illinois] Supreme Court Rule 402

---

[1] The court accepts the Illinois Appellate Court's recitation of the facts as true. *See* 28 U.S.C. § 2254(e)(1); *Whitman* v. *Bartow*, 434 F.3d 968, 969 (7th Cir. 2006).

(eff. July 1, 1997), and he indicated his understanding of the admonishments, and the State presented a factual basis to which he stipulated. The trial court then found [Evans] guilty of armed habitual criminal and sentenced him to the agreed term of six years' imprisonment.

On June 1, 2010, [Evans] filed a *pro se* motion to withdraw his guilty plea alleging that the State failed to disclose exculpatory electronic video surveillance. [Evans] further alleged that police withheld and then destroyed electronic video surveillance recordings from its pod video cameras, and failed to insure and guarantee that all relevant information was preserved and provided so that discovery could be completed. He also claimed that the trial court denied him the right to self-representation, and requested access to all the recorded proceedings from the *pro se* pretrial motions for substitution of judge and to compel disclosure or dismissal, including all documents and exhibits attached to those motions.

On September 30, 2010, [Evans] filed a *pro se* motion for a hearing on his motion to withdraw his guilty plea; and, on November 15, 2010, he filed a *pro se* motion to proceed *pro se*, and to receive and review the entire record. In this motion, [Evans] also alleged that he received ineffective assistance of counsel.

On November 22, 2010, the trial court denied [Evans]'s request for the entire record, noting that he did not need the entire record to vacate his guilty plea. The court further noted that [Evans] could receive the transcript from the plea proceeding and sentencing, and that it would allow him to proceed *pro se* on his motion to withdraw the guilty plea. [Evans], acting *pro se*, repeated his request for copies of his pretrial *pro se* motions to withdraw, substitution of judge, and to compel disclosure or dismissal which he claimed had exhibits attached to them in which police admitted to destroying exculpatory evidence. The court again denied [Evans's] request noting that these motions had no bearing on his motion to withdraw the guilty plea.

On January 7, 2011, a hearing was held on [Evans's] motion to withdraw his guilty plea where the State argued that [Evans's] allegations did not form a basis for withdrawing a guilty plea but, rather, were more appropriate for post-conviction proceedings. The court subsequently denied the motion observing that the record showed that [Evans] pleaded guilty after receiving full and complete admonishments from the court which he indicated that he understood.

*People* v. *Evans*, 2013 IL App (1st) 110587-U, ¶¶ 3-9 (Ill. App. Ct. 1st Dist. Jan. 17, 2013) (filed in this case as Dkt. No. 13 Ex. A.)

I.  Evans's Direct Appeal

On January 19, 2011, following the trial court's denial of Evans's motion to withdraw his guilty plea, Evans filed a *pro se* notice of appeal. *Evans*, 2013 IL App (1st) 110587-U at ¶ 10. Evans amended his notice of appeal several times and was eventually appointed counsel, who filed another amended notice of appeal. *Id.* On March 21, 2012, Evans's counsel filed an appellate brief, which raised only one claim: whether the trial court violated Illinois Supreme Court Rule 604(b) by failing to allow Evans to examine the trial court file when he was proceeding *pro se* on his motion to withdraw his guilty plea. (Dkt. No. 13 Ex. B at 2; *see also* Dkt. No. 13 Ex. H at 9 (asserting Evans's had only raised a single issue on appeal).) On May 22, 2012, while he was represented by counsel, Evans filed a *pro se* appellate brief purporting to add another claim to his appeal: that his guilty plea was involuntary because Evans, the State's attorneys, and the trial court were all deceived by the Chicago Police Department's alleged destruction of video evidence. (Dkt. No. 13 Ex. E at 1-2.) The Illinois Appellate Court rejected Evans's supplemental brief because his counsel had already filed an opening brief on March 21, 2012. (Dkt. No. 13 Ex. F.) The State responded on July 31, 2012 (Dkt. No. 13 Ex. C) and Evans's counsel filed a reply on September 10, 2012 (Dkt. No. 13 Ex. D). Evans's reply brief, like his opening brief, addressed only his claim under Illinois Supreme Court Rule 604(b). (Dkt. No. 13 Ex. D ("[T]he proper inquiry in this case is not whether the plea was voluntary, only whether there was strict compliance with Supreme Court Rule 604(b) . . . .").)

On January 17, 2013, the Illinois Appellate Court rejected Evans's argument and affirmed the trial court judgment denying Evans's motion to withdraw his guilty plea. *Evans*,

2013 IL App (1st) 110587-U at ¶¶ 17-21. The Illinois Appellate Court further observed that Evans had not presented any substantive challenge to the plea itself, and by failing to do so, had waived any such challenge. *Id.* at ¶ 12.

Following the Illinois Appellate Court's ruling, Evans, who was still represented by counsel, filed an undated petition for leave to appeal ("PLA") to the Illinois Supreme Court. (Dkt. No. 13 Ex. H.) Evans's PLA raised only one claim, which was the same claim rejected by the Illinois Appellate Court. Specifically, Evans argued the trial court violated Illinois Supreme Court Rule 604(d) by failing to allow Evans to examine the trial court file in preparation for the hearing on his *pro se* motion to withdraw his guilty plea. (*Id.* at 11.) On May 9, 2013, the Illinois Supreme Court denied Evans's PLA. (Dkt. No. 13 Ex. I at 2.) Evans chose not to petition the U.S. Supreme Court for a writ of certiorari. (Dkt. No. 1 at 2.)

## II. Evans's Post-Conviction Petition

On April 25, 2011,[2] only three months after Evans initiated his direct appeal, he filed a *pro se* petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1. (Dkt. No. 13 Ex. O at C646.) Evans's post-conviction petition raised five claims for relief: (1) Chicago Police Officers destroyed video evidence from a "pod camera"; (2) the State failed to disclose that such video evidence existed; (3) Evans was improperly denied his right to proceed *pro se*; (4) Evans's bond hearing was improperly conducted via video conference; and (5) Evans received ineffective assistance from his appointed trial counsel. (*Id.* at C646-C654.) On June 3,

---

[2] Although Evans filed his post-conviction petition on April 25, 2011, the post-conviction petition was signed and notarized on February 25, 2011. (Dkt. No. 13 Ex. O at C646.)

5

2011, nearly one year before Evans filed an opening brief in his direct appeal, the trial court summarily dismissed Evans's post-conviction petition. (*Id.* at C655-C657.) Evans did not appeal the trial court's dismissal of his post-conviction petition and has not filed a successive post-conviction petition in the trial court.

   III.   Evans's State Habeas Action

On June 20, 2012, after the trial court dismissed his post-conviction petition but before the Illinois Appellate Court ruled on his direct appeal, Evans filed a motion in the Illinois Supreme Court seeking leave to file an original action for a writ of habeas corpus. (Dkt. No. 13 Ex. J.) Evans raised two discernable issues in his original action: (1) the Chicago Police Department failed to disclose pertinent video surveillance evidence to the grand jury during Evans's indictment proceedings; and (2) the Chicago Police Department improperly destroyed the undisclosed video evidence. (*Id.* at 1-2.) On September 21, 2012, the Illinois Supreme Court issued a *pro forma* order denying Evans's motion for leave to file a petition for writ of habeas corpus. (Dkt. No. 1 Ex. K.)

   IV.   Evans's Federal Habeas Actions

The Amended Petition represents Evans's third attempt to seek federal habeas relief from this district court.[3] On June 17, 2008, while he was awaiting trial, Evans filed a petition alleging,

---

[3] Evans's litigious history predates the charges underlying this case. On October 16, 2001, Evans accumulated three strikes under 28 U.S.C. § 1915(g) for filing frivolous actions without paying the requisite filing fees. The Seventh Circuit imposed a circuit-wide filing bar until Evans pays in full all filing fees he has incurred. Filings made for criminal cases and for applications for habeas relief, however, fall outside the filing bar. *See Evans* v. *Gadberry*, No 01 C 1547 (7th Cir. Oct. 16, 2001); *see also Evans* v. *Gadberry*, No. 01 C 1547 (7th Cir. June

among other things, that the Chicago Police Department and its superintendent were suppressing exculpatory evidence in the form of a video surveillance tape of a traffic stop. *See Evans* v. *Circuit Court of Cook Cty.*, No. 08 C 3473 (N.D. Ill. Oct. 23, 2008) (Moran, J.), *aff'd*, 569 F.3d 665 (7th Cir. 2009) (dismissing pretrial collateral attack as premature). On October 27, 2012, Evans filed a second petition for habeas relief on the ground that the Illinois Department of Corrections violated the Ex Post Facto Clause of the U.S. Constitution by declining to award him discretionary good time credit. *Evans* v. *Anglin*, No. 11 C 7662, 2012 WL 1252698, *1 (N.D. Ill. Apr. 13, 2012) (Holderman, J.) (dismissing petition for failure to state a habeas claim).

Evans's third habeas action, which is the action currently before the court, raises three discernible claims for relief:

1. The Chicago Police Department destroyed exculpatory video evidence used to procure the indictment that led to Evans's conviction;

2. Evans's guilty plea was involuntary because the video evidence, had it been disclosed, would have caused Evans to plead not guilty;

3. Appellate counsel was ineffective for failing to raise on appeal the Brady violations allegedly committed by the State and the "deceptive actions" of the Chicago Police Department.

(Am. Pet. at 1-3.) The State urges the court to deny all of the claims set forth in Evans's Amended Petition because they are all procedurally defaulted. (Dkt. Nos. 12, 22.)

ANALYSIS

I. Evans's Motion to Amend His Petition

After the State filed its answer to Evans's habeas petition, Evans filed a motion to amend

---

15, 2011) (denying motion to lift bar).

his petition to include claims 2 and 3. (Am. Pet. at 1-3.) Although the State opposes Evans's motion on grounds of futility, Federal Rule of Civil Procedure 15(a)(2) instructs the court to give leave freely to amend when justice so requires. Here, justice and efficiency support amendment. Evans contends that claim 3 of his Amended Petition excuses the procedural default rule, which might otherwise bar his claims. If the court were to deny Evans's motion, Evans would almost certainly bring claims 2 and 3 as part of a subsequent habeas petition. For these reasons, and because the State has not articulated any prejudice it would suffer as a result of Evans's amendment, the court grants Evans's motion to amend his petition. Accordingly, the following section addresses Evans's Amended Petition, including claims 2 and 3.

II.   Evans's Amended Petition

Before the court can properly consider any of Evans's claims, it must determine whether they are properly presented for review. § 2254 requires that a habeas petition not be granted unless the petitioner first exhausts the remedies available in the state court system. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, "the petitioner must assert his federal claim through once complete round of state-court review, either on direct appeal or in post-conviction proceedings." *Pole* v. *Randolph*, 570 F.3d 922, 934 (7th Cir. 2009). To satisfy that requirement, the petitioner must also present his claims in a petition for discretionary review to the Illinois Supreme Court, if available. *O'Sullivan* v. *Boerckel*, 526 U.S. 838, 845 (1999); *White* v. *Gonzalez*, 192 F.3d 607 (7th Cir. 2009). "A petitioner's failure to fairly present each habeas claim to the state's appellate and supreme court in a timely manner leads to a default of the claim, thus barring the federal court from reviewing the claim's merits." *Smith* v. *McKee*, 598

F.3d 374, 382 (7th Cir. 2010) (quoting *O'Sullivan*, 526 U.S. at 848).

Here, despite Evans's myriad filings in state and federal court, he has asserted only a single claim through a complete round of state court review: the trial court violated Illinois Supreme Court Rule 604(b) by failing to allow Evans to examine the trial court file when he was proceeding *pro se* on his motion to withdraw his guilty plea. That claim was the sole issue Evans raised on direct appeal, was fairly presented to the established state appellate process, but is not raised in Evans's Amended Petition before this court. By contrast, none of the three claims set forth in Evans's Amended Petition have been exhausted in state court. Because Evans is no longer entitled to seek post-conviction relief in state court, his claims are procedurally defaulted.

Evans presented claim 1—the Chicago Police Department's alleged destruction of video evidence used to procure his indictment—to the trial court as part of his post-conviction petition. (Dkt. No. 13 Ex. O at C646.) When the trial court dismissed his post-conviction petition, however, Evans declined to appeal. His failure to appeal works a procedural default; because Evans did not present his post-conviction petition claims to a complete round of state court review, this court cannot consider the merits of those claims under § 2254. Alternatively, Evans also raised claim 1 in his state habeas action filed in the Illinois Supreme Court. (Dkt. No 13 Ex. J.) But Evans's state habeas action, which the Illinois Supreme Court rejected without addressing the merits (Dkt. No. 13 Ex. K), does not satisfy the exhaustion requirement of § 2254. In other words, Evans cannot bypass the established state appellate process by filing an original action in the Illinois Supreme Court. *See Castille* v. *Peoples*, 489 U.S. 346, 351 (1989) ("[W]here the claim has been presented for the first and only time in a procedural context in which its merits

9

will not be considered . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute 'fair presentation.'"); *see also Ex. parte Hawke*, 321 U.S. 114, 116-18 (1944) (application to Nebraska Supreme Court for original writ of habeas corpus does not exhaust state remedies).

By contrast, Evans has never properly presented claim 2 to any state court. In claim 2, Evans alleges that his plea was involuntary because he would not have pleaded guilty had he received the allegedly destroyed video evidence. This claim appears only in Evans's *pro se* brief filed in his direct appeal, which the Illinois Appellate Court disallowed because Evans's counsel had already filed an opening brief on his behalf. As a threshold matter, the Illinois Appellate Court was not required to consider, and clearly did not consider, any claims asserted outside of Evans's properly filed petition or briefs. *See Baldwin* v. *Reese*, 541 U.S. 27, 32 (2004). Moreover, Evans failed to preserve claim 2 by omitting any mention of involuntariness from his PLA following the Illinois Appellate Court's rejection of his direct appeal. Accordingly, Evans has procedurally defaulted claim 2 because he failed to raise it during one complete round of state court review.

Finally, Evans contends that his appellate counsel's failure to raise on direct appeal the "issue of Brady violations and the deceptive actions of the Chicago Police Department"—both of which appear to relate to the alleged destruction of video evidence—excuses his procedural default on claims 1 and 2. A procedural default may be excused if a petitioner can show cause and prejudice or a fundamental miscarriage of justice. *Coleman* v. *Hardy*, 628 F.3d 314, 318 (7th Cir. 2010) (citing *Lewis* v. *Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). In general, "[a]ttorney

error that constitutes ineffective assistance of counsel is cause to set aside a procedural default." *Smith* v. *Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (quoting *Franklin* v. *Gilmore*, 188 F.3d 877, 883 (7th Cir. 1999)).

A mere assertion of ineffectiveness, however, does not save Evans's claims. "The assertion of ineffective assistance as a cause to excuse procedural default in a § 2254 petition, is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted." *Id.* at 352 (quoting *Lee* v. *Davis*, 328 F.3d 896, 901 (7th Cir. 2003)). Evans first raised his claim regarding appellate counsel in his Amended Petition filed in this court on August 19, 2013; he has never presented the claim to any Illinois court. To be sure, Evans could not have raised his claim during his direct appeal, when he was represented by the allegedly ineffective counsel, or during his post-conviction petition, which he filed before his direct appeal concluded.[4] That is not to say Evans had no state remedy after he filed his post-conviction petition prematurely. The Illinois Supreme Court has explicitly held that a successive post-conviction petition is the proper means for a defendant to assert a claim of ineffective assistance of appellate counsel. *Harris*, 862 N.E.2d at 972. Although Illinois permits a successive petition only in limited circumstances, 725 ILCS 5/122-1(f), a claim of ineffective appellate counsel—which could not have been filed with the initial petition—is often a basis for a

---

[4] The Illinois Post-Conviction Hearing Act ("Act") formerly forced certain defendants to file an initial post-conviction petition while their direct appeal was pending. *See People* v. *Harris*, 862 N.E.2d 960, 971-72 (Ill. 2007). That is no longer the case. The Act now permits a petitioner to wait until the conclusion of his direct appeal to file a post-conviction petition. 725 ILCS 5/122-1(c). Notwithstanding the permissive limitations period, Evans chose to file his post-conviction prematurely.

11

successive petition. *Id.* Evans chose not to pursue a successive post-conviction petition in state court and the time to do so has passed.[5] Absent a claim of actual innocence—which Evans has not presented—and absent a showing of other grounds to pursue a successive post-conviction petition—which Evans has also not presented—Evans is not entitled to seek additional post-conviction relief in Illinois state court. Consequently, Evans's claims regarding his appellate counsel were not raised before the state court, are procedurally defaulted, and thus cannot excuse Evans's procedural default on claims 1 and 2.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To be entitled to the issuance of a certificate of appealability, the petitioner must have made a "substantial showing of the denial of a constitutional right." *Slack* v. *McDaniel*, 529 U.S. 473, 483 (2000). This standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. The arguments expressed in Evans's § 2254 petition are all procedurally defaulted. Consequently, this court finds that its resolution of Evans's claims is not debatable among reasonable jurists. The court denies Evans a certificate of

---

[5] The Illinois Supreme Court denied Evans's PLA on May 9, 2013. Under Rule 13 of the Rules of the U.S. Supreme Court, a petition for writ of certiorari must be filed with the Clerk of the U.S. Supreme Court within 90 days of entry of judgment. Evans's petition for writ of certiorari, had he filed one, would have been due on August 7, 2013. Under Illinois law, Evans's successive post-conviction petition, had he filed one, would have been due six months from the date for filing a certiorari petition, or February 7, 2014. 725 ILCS 5/122-1(c).

appealability.

## CONCLUSION

For the reasons explained above, Evans's motion to amend his petition for a writ of habeas corpus (Dkt. No. 18) is granted, and Evans's Amended Petition for relief under 28 U.S.C. § 2254 (Dkt. No. 19) is denied. Evans's request for a certificate of appealability is denied with respect to all of his claims. All other motions are moot. Civil case terminated.

ENTER:

                                              JAMES F. HOLDERMAN
                                              District Judge, United States District Court

Date: March 28, 2014