IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM EVANS, B08677, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13 C 2425 |
| | ) | |
| KEITH ANGLIN, Warden, | ) | The Honorable |
| | ) | James F. Holderman, |
| Respondent.[1] | ) | Judge Presiding. |

**MOTION REQUESTING THAT JUDGMENT BE SET OUT
IN A SEPARATE DOCUMENT**

Under Federal Rules of Civil Procedure 58(a) and (d), respondent respectfully asks this Court to set out in a separate document its judgment denying petitioner's petition for a writ of habeas corpus and declining to certify any issues for appeal. *See* Doc. 26 (March 28, 2014 memorandum opinion and order).

Rule 58(a) requires most judgments to be "set out in a separate document" — i.e., a document separate from the Court's opinion. The Seventh Circuit's "preferred" vehicle for complying is Form AO 450 ("Judgment in a Civil Action"). *Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir. 1994), quoted in *Brown v. Fifth Third Bank*, 730 F.3d 698, 699 (7th Cir. 2013) (Posner, J., in chambers). The Rule applies to denials of habeas relief, and non-compliance extends a petitioner's

---

[1] As petitioner is currently on parole, Darryl L. Johnson, Chief of the Illinois Department of Corrections Parole Division, should be substituted as respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); Fed. R. Civ. P. 25(d).

deadline for appealing by up to 150 days. *Carter v. Hodge*, 726 F.3d 917, 918 (7th Cir. 2013); *see Armstrong v. Ahitow*, 36 F.3d 574, 575 (7th Cir. 1994) (applying prior version of rule). Meanwhile, Rule 58(d) authorizes a winning party to reduce uncertainty by requesting that the judgment be set out in a separate document. *See Perry v. Sheet Metal Workers' Local No. 73 Pension Fund*, 585 F.3d 358, 362 (7th Cir. 2009).

Here, the judgment denying the petition has yet to be set out in a document separate from the Court's opinion. *See* Doc. 26. Respondent respectfully asks that this step be taken now.

## CONCLUSION

This Court should either set out in a separate document the judgment denying the petition for a writ of habeas corpus and declining to certify any issues for appeal, or direct the Clerk to do the same.

April 4, 2014

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: /s/ Matthew P. Becker
MATTHEW P. BECKER, Bar #6299068
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-5643
FAX: (312) 814-2253
E-MAIL: mbecker@atg.state.il.us

# CERTIFICATE OF SERVICE

      I certify that on April 4, 2014, I electronically filed respondent's **Motion Requesting that Judgment Be Set out in a Separate Document** and **Notice of Motion** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and mailed a copy, postage pre-paid, both to petitioner's last known address at his most recent place of confinement (Danville Correctional Center) and to another address that petitioner recently provided to respondent's counsel:

William Evans, B08677
Danville Correctional Center
3820 East Main Street
Danville, Illinois 61834


William Evans
1428 South Edgewood
Chicago Heights, Illinois 60411

                                                /s/ Matthew P. Becker
                                                MATTHEW P. BECKER, Bar #6299068
                                                Assistant Attorney General
                                                100 West Randolph Street, 12th Floor
                                                Chicago, Illinois 60601-3218
                                                TELEPHONE: (312) 814-5643
                                                FAX: (312) 814-2253
                                                E-MAIL: mbecker@atg.state.il.us